UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TONY LUCIBELLO,

            Plaintiff,

-vs-                                            Case No.   2:05-cv-9-FtM-33SPC

MIYAMI, L.L.C.; CAPE CORAL BAKERY &
DELI, INC.,

            Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff Tony Lucibello and Defendants Miyami, LLC. and Cape Coral Bakery & Deli, Inc.'s Joint Motion to Approve Consent Judgment (Doc. # 39) filed on January 19, 2006.  As part of the Consent Decree (Doc. # 39), the Parties agreed that the Court should determine a reasonable amount of attorneys fees and costs.  On January 23, 2006, the District Court referred (Doc. # 40) the issue of attorney's fees and costs to this Court for a Report and Recommendation (R&R).  The Court directed the Plaintiff to file a detailed billing statement of the relevant fees and costs for the Court's review.  On January 30, 2006, the Plaintiff's Counsel filed their report and the matter is now ripe for review.

      In Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, (1975), the Supreme Court "reaffirmed the 'American Rule' that each party in a lawsuit ordinally shall bear its own attorney's fees unless there is express statutory authorization to the contrary." Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).  The Americans with Disabilities Act (ADA) provides that "[i]n any action

or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses and costs." 42 U.S.C. § 12205.  To prevail a party must receive some relief on the merits or establish a change in the legal relationship between the plaintiff and the defendant by court ordered consent decree. Buckhannon Bd. and Care Home, Inc., v. West Virginia Dep't. of Health and Human Res., 532 U.S. 598, 603-604, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001).  A voluntary settlement agreement can just as effectively alter the legal relationship between the parties as a court ordered consent decree if the court retains jurisdiction to enforce the terms of the agreement. Am. Disability Assoc., Inc. v. Chimielarz, 289 F.3d 1315, 1321 (11th Cir. 2002). Hence, a fair reading of the ADA would hold that a party "prevails" when the party obtains the practical relief sought in the complaint.  Buckhannon Bd. and Home Care, 532 U.S. at 634.

## DISCUSSION

The first step in considering whether or not the Court should grant attorney's fees and costs is to determine if the fee applicant is entitled to receive the attorney's fees and costs.  The second step is whether or not the attorney's fees and costs are reasonable. Then the Court addresses whether the number of hours charged by the Plaintiff's counsel were reasonable. And finally, the Court addresses whether expenses and costs should be awarded.

### *Whether Plaintiff is Entitled to Receive Attorney's Fees and Costs*

On January 19, 2006, the parties filed a joint motion for a consent decree.  In that motion, the Defendants agreed to make structural changes to the subject premises and further that Plaintiff's attorney's fees and costs should be paid by the Defendants.  Therefore, in the instant case, a judicially sanctioned change in the legal relationship of the parties has occurred and the Plaintiff is clearly the

prevailing party. Buckhannon Bd. and Home Care, 532 U.S. at 634; Am. Disability Assoc., 289 F.3d at 1317. Accordingly, the Plaintiffs are entitled to attorney's fees, costs, litigation expenses and expert fees.

*Whether the Attorney's Fees are Reasonable*

"A reasonable attorney's fee is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."Am. Civil Liberties Union of Georgia, v. Barnes, 168 F.3d 423, 427 (11th Cir 1999). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 436 (citing Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. Am. Civil Liberties Union of Georgia, 168 F.3d at 427.

In this case, the Plaintiff's attorney charged an hourly rate of $265.00 per hour for the services rendered. While the petitioning party provided a satisfactory detailed summary of the hours spent on the case (Doc. # 42, Exhibit A), petitioners failed to justify the inordinately high hourly rate being charged. As noted above, a reasonable hourly rate is the rate charged in the relevant legal community. Norman, 836 F.2d at 1299. Since,"[t]here are no quotations for the prevailing market rate for a given attorney, . . . the best information available to the court is usually a range of fees set by the marketplace." Id. at 1301. In the Fort Myers area or the Southwest Florida region, only eighteen percent (18%) of all attorneys charge $250.00 or more.[1] Over two thirds (2/3) of the attorneys

---

[1] All figures used in calculating a reasonable attorney's fee were provided by the Florida Bar's Division of Statistics.

practicing in the Fort Myers region charge between $125.00 and $225.00 or an average hourly rate of $175.00.

The Plaintiff's Counsel provided a litany of examples stating rates ranging from $200.00 through $500.00 per hour are reasonable rates asserting that ADA law is complex and difficult. However, after researching the relevant cases filed by the Plaintiff's Counsel, the Court has found multiple ADA cases in the Middle and Southern Districts filed by the Plaintiff's Counsel using the exact same language in each and every complaint and subsequent motion.[2]  As such, the Plaintiff's argument on the complex details of ADA law fails. Further, the Plaintiff argues that the prevailing rates can also be determined by affidavits of other attorneys or experts, however, testimony alone that a given rate is reasonable is unsatisfactory evidence that a given fee is reasonable in a given market. Norman, 836 F.2d at 1299.

In this case, the Court simply does not find that the statistical data supports the Plaintiff's claim. Id. (holding that the trial court is an expert on the question of attorney's fees and may consider its own knowledge and experience concerning reasonable and proper fees).  Although the Plaintiff may not agree, Judge Virginia M. Hernandez Covington, District Judge for the Middle District of Florida, recently adopted (June 21, 2005) the Report and Recommendation by this Court awarding $175.00 per hour to Plaintiff's Counsel as a reasonable rate for his services. Macort vs. South Florida Barbeque, Inc., 2:03-cv-110-Ft.M-33-SPC. Consequently, the Court determines that the average rate charged by a preponderance of the attorney's practicing in the Fort Myers region is a more reasonable rate and the Plaintiff's attorney's fees should be paid at a rate of $175.00 per hour.

---

[2]   The Plaintiff's Counsel is involved in over 500 cases for Access Now and Dana Lamb in the Middle and Southern District Courts of Florida.

### *Were the Hours Charged Reasonable*

Part of the court's task in calculating the lodestar is determining if the number of hours spent on the case were reasonable. <u>Am. Civil Liberties Union of Georgia</u>, 168 F.3d at 428. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours." <u>Id.</u> at 427. That burden includes supplying the court with records to show the time spent on the different claims and the subject matter of each activity of each time expenditure. <u>Id.</u> Each time expenditure should be set out with "sufficient particularity so the district court can assess the time claimed for each activity." <u>Id.</u> If fee applicants do not exercise billing judgment courts are obligated to do it for them and cut hours deemed to be excessive and unnecessary. <u>Id.</u> at 428.

The Court has reviewed the detailed accounting of hours spent in preparation for this case and does not find that all hours charged were reasonable under the circumstances. Plaintiff's Counsel charges 4.7 hours for drafting the complaint, amended complaint, and making phone calls to the Plaintiff regarding the Complaint. As noted above the Plaintiff's Counsel has filed extensive cases with this same or similar Plaintiffs and therefore, the extensive phoning calls and review of the Complaint are not reasonable. The Plaintiff in this case should spend no more than one half hour (.50) reviewing and drafting a complaint which is at most cut and paste and simply changing the name of the Defendant. Therefore, the Court will disallow 4.2 hours billed for drafting the complaint.

The Plaintiff's Counsel also charges .50 of an hour to submit an interested persons certificate to the Court. Charging the client for interested persons certificate is not reasonable when counsel has numerous similar cases with the same client pending before the Court. Counsel further charges 1.1 hours for consultations related to retaining the same expert used in hundreds of similar cases. With

such an extensive relationship between the Plaintiff and Tchernesoff Consulting, Inc., the Court finds the charge unreasonable and therefore the time will be discounted.

The Plaintiff's Counsel also charges a significant amount of time, 2.2 hours, for drafting letters and making conference calls to the client and expert without explaining the nature of the letters and/or call with sufficient particularity. As such those hours are discounted. Additionally, the Plaintiff's Counsel charges .80 hours for drafting a letter relating to the expert's report to the client and enclosing the experts report. Given, the extensive nature of the contacts between this client and Counsel the charge is unreasonable and the time will be disallowed.

The Plaintiff's Counsel charges 4.6 hours for travel time to the subject property for inspection. There are numerous competent local counsel that could have accompanied the Plaintiff's expert for the inspection and thus, the travel expense is unwarranted and the hours will be disallowed. Additionally, the Plaintiff's claim of $76.35 for travel expenses will also be disallowed.

The Plaintiff's Counsel charges 4.30 hours for drafting the proposed settlement. Again with the number of cases pending with similar settlements already drafted, 4.30 hours is unreasonable and the amount is reduced to .5 hours and thus 3.80 hours submitted for preparing the settlement agreement are disallowed.

One and a half hours (1.5) were charged by Counsel for drafting and researching sanctions, and filing a motion to compel. Counsel for the Plaintiff has dozens if not hundreds of similar motions and thus the amount of time is unreasonable and one (1) will be disallowed. Finally the Plaintiff's Counsel submits 1.8 hours for discussing his fees with Defense Counsel and for filing the instant motion. The Court disallows this as unreasonable.

Thus, based upon the Court's review of Plaintiff's Counsel's billable hours, the number of hours charged will be reduced by a total of 18.2 hours.

### *Should Plaintiff's Litigation Expenses Be Paid*

"[A]ll reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs." Id. at 427.  Plaintiff's cost and expenses include such general expense items as copying, postage, mediation fee, expert witness fee from Tcherneshoff Consulting, Inc., and some minor computer research fees. After careful review, the Court finds that the cost and expenses are reasonable for this type of litigation and are therefore recoverable with the exception of $76.35 for travel expenses previously disallowed. Am. Civil Liberties Union of Georgia, 168 F.3d at 427.

### **CONCLUSION**

The Court finds that there is sufficient evidence to establish that Plaintiff's are the prevailing party in the instant case and are therefore, entitled by law to an award of attorney's fees and cost. 42 U.S.C. § 12205;  Am. Civil Liberties Union of Georgia, 168 F.3d at 427.

### CALCULATION OF ATTONEY'S FEES AND COST

| | |
|---|---|
| Hourly Rate Claimed | $265.00 per hour |
| Total Hours Claimed | 58.6 |
| Reductions | |
| Fee Reduction | New Hourly Rate = $175.00 per hour |
| Hours Reduction | 18.2 |
| Total Hours Awarded | 58.6-18.2 = 40.4 |
| Total Attorney's Fees Awarded | $175.00 x 40.4  = $7,070.00 |

| | |
|---|---|
| Total Cost Reduction | $76.35 |
| Total Cost Submitted | $1,647.92 |
| Total Cost | $1647.92-76.35 =  $1,571.57 |
| Total Attorney's Fees and Costs | |
| | $7,070.00 + $1571.57 = $8,641.57 |

Accordingly, it is now

**RECOMMENDED:**

The Plaintiff Tony Lucibello and Defendants Miyami, LLC. and Cape Coral Bakery & Deli, Inc.'s Joint Motion to Approve Consent Judgment and for Attorneys Fees (Doc. # 39) should be **GRANTED** for Attorney's Fees and Costs as follows:

The Plaintiff Tony Lucibello should be awarded **$7,070.00 in attorneys fees**, and **$1,571.57 in costs** for a **total of $8,641.57** payable to Stephen Nitz, Esq.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this  2nd  day of February, 2006.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record